UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT LOPEZ | ) | 3:07-CV-00536-HDM-VPC |
| Plaintiff, | ) | |
| vs. | ) | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |
| PEPPERMILL CASINOS, INC., | ) | |
| Defendant. | ) | |

Defendant Peppermill Casinos, Inc. ("Peppermill") moves for summary judgment, or in the alternative for summary adjudication, (#19) against Plaintiff Robert Lopez ("Lopez"). Lopez alleges that the Peppermill created a hostile work environment while he was employed there, in violation of Title VII of the Civil Rights Act of 1964.[1]

---

[1] In his amended complaint, Lopez also stated a claim for retaliation. That claim was dismissed by stipulation of the parties.

1

**Summary of Facts**

This litigation arises from the Peppermill's termination of Robert Lopez from his employment as an audio/visual technician. Employed at the Peppermill from August of 1999 through September of 2006, Lopez was the subject of some form of employee discipline or review several times, with the majority of these incidents occurring during the final 15 months of his employment. (#19, Exhibit K). In March of 2000, when instructed to mute the Keno music, Lopez amplified the volume of the music to its maximum level. In May of 2005, Lopez was late for a regularly scheduled Peppermill prize drawing that was to be displayed on video screens throughout the hotel. After arriving late and failing to set up the screens, Lopez argued with the Peppermill promotions manager regarding her instructions to broadcast the drawing throughout the casino. (#19, Exhibit M). For this infraction, the Peppermill filed an 'employee counseling form' to formally record his inadequate job performance. In May of 2006, Lopez failed to follow an audio/video departmental procedure, causing the hotel to lose "guest services" (presumably hotel room television and room services) for a period of eight hours. His manager noted that, upon another violation of company policy, Lopez would be suspended or terminated. (#19, Exhibit N). Later that same month, Lopez allegedly refused to assist another of his superiors, Denise Devencenzi, in repairing a loud and annoying audio/visual malfunction that drove guests from a gaming area. Lopez's subsequent quarterly performance review, dated August 2006, noted his written warnings and rated him "below expectation" in both the "technical skills" and "interpersonal skills" categories. In the

2

1  'Employee Comments' section of that performance review, Lopez
2  claimed the reason he had been rated as "below expectation" was
3  because he could not "get off" the graveyard shift and that other
4  technicians received "special treatment" and training.  (#19,
5  Exhibit P).  Lopez was terminated on September 13, 2006 for "a
6  negative attitude and insubordination."

7      After Lopez's dismissal and at his request, the Peppermill
8  reviewed his termination.  The review board consisted of various
9  Peppermill managers who did not supervise Lopez or work in his
10 department.  That board upheld his termination, finding it was "for
11 cause."  (#19, Exhibit R).

12     In January of 2007, Lopez filed a Charge of Discrimination
13 with the Nevada Equal Rights Commission ("NERC"), which copied the
14 Charge to the Equal Employment Opportunity Commission ("EEOC").  In
15 his Charge, Lopez claimed he was discriminated against because of
16 his national origin and fired in retaliation for complaining that
17 the Peppermill would not alter his shift schedule.  In July of
18 2007, the NERC determined that the evidence presented "did not meet
19 the legal criteria for establishing that discriminatory acts
20 occurred." (#19, Exhibit S).  The EEOC adopted the NERC's findings.
21 (#19, Exhibit T).

**Discussion**

    **I. Hostile Work Environment**

    A Plaintiff must prove three elements to establish a hostile work environment claim under Title VII: "(1) that he was subjected to verbal or physical conduct based on [her] race or national origin; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment." *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 2005).

    Regarding the first two elements, Lopez's Opposition to the Motion for Summary Judgment (#22) claims that he was "subject to regular racial slurs and yelling." However, Lopez has failed to produce sufficient evidence to support his claim. Lopez never complained of harassment to the Peppermill, despite having acknowledged receipt of the Peppermill's "no harassment" policies and anti-retaliation safeguards. The only evidence Lopez has produced consists of a statement in his deposition testimony, where he claims "there have been incidents where he (a manager) totally ignored comments by another employee that were derogatory toward my race." (#19, Exhibit B, Lopez Depo. 155:11-15). While Lopez's opposition brief states that he was "subjected to racial slurs and yelling," these conclusory statements are insufficient to create a genuine issue of material fact with respect to his claim that he was subjected to hostile conduct based on his race. *British Airways Board v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978). ("Legal memoranda and oral argument are not evidence, and they cannot by themselves create a factual dispute sufficient to defeat

4

a summary judgment motion where no dispute otherwise exists.")

Regarding the third element, the Peppermill argues that the alleged incidents of unspecified "derogatory comments" made by unspecified co-workers in the presence of his supervisor are insufficiently pervasive as a matter of law. The Peppermill cites *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998), which held that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." In Lopez's response, his counsel asserts that management made racial slurs and yelled at him, that his requests to be placed on the day shift were ignored, and that he was denied training offered to other employees.

Under F.R.C.P. 56(c), Lopez may not rest upon his pleadings but must put forth specific facts showing a genuine issue for trial. Aside from the above quoted conclusory deposition testimony, Lopez offers no such facts to support the third element of a hostile work environment claim. Even construing the evidence in the light most favorable to Lopez, the evidence is insufficient to create a genuine issue of material fact that the Peppermill's conduct was "sufficiently continuous and concerted . . . to be deemed pervasive." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998), quoting *Carrero v. New York City Housing Auth.*, 890 F.2d 569, 577 (9th Cir. 1989).

As an additional argument favoring summary judgment, the Peppermill invokes the *Ellerth/Faragher* affirmative defense to Lopez's hostile work environment claim. Two elements comprise the defense: 1) that the employer exercised reasonable care to prevent

5

and correct promptly any sexually harassing behavior, and 2) the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 808 (1998). *Ellerth* describes the defense as applying where "no tangible employment action" (such as termination) has commenced. However, the Ninth Circuit has held that the defense applies where the tangible employment action was "unrelated to any harassment or complaint thereof." *Elvig v. Calvin Presbyterian Church,* 375 F.3d 951, 959 (9th Cir. 2004)

Regarding the first element, the Ninth Circuit has held the element satisfied if: the employer provides a policy that defines harassment, identifies to whom employees should complain, describes the disciplinary measures used in cases of harassment and states that retaliation will not be tolerated. *Montero v. AGCO Corp*., 192 F.3d 856, 862 (9th Cir. 1999). The Peppermill established that Lopez received and acknowledged receipt of a copy of its "No Harassment Policy." (#19 Exhibits H, I). The policy meets all of the *Montero* requirements for fulfilling the first element of the *Ellerth/Faragher* defense.

Regarding the second element, Lopez admitted that he did not complain of any harassment to any supervisor. (#19, Exhibit A, Lopez Depo 155:4-20).

Lastly, concerning the effect of tangible employment action, Lopez's repeated violations of Peppermill policy and the Peppermill's forewarnings of termination support the assertion that the Peppermill discharged Lopez for reasons unrelated to any

6

1 harassment or complaint by Lopez.

2 Having concluded that the Peppermill is entitled to summary
3 judgment on Lopez's hostile work environment claim, the court does
4 not address whether Lopez exhausted his administrative remedies as
5 to this claim.  Although, it is clear that Lopez asserted disparate
6 treatment as his sole theory of employment discrimination before
7 the EEOC and has alleged an entirely different theory of employment
8 discrimination, that is hostile work environment, in his complaint
9 in this action.

10

11 **II. Failure to Plead a Claim for Disparate Treatment**

12 While Lopez argues in his opposition brief that he was
13 subjected to disparate treatment by the Peppermill, he has not
14 alleged a such a claim in his complaint.  42 U.S.C. § 2000e-5(f)(1)
15 gives a plaintiff 90 days to file a civil action after notice of a
16 right to sue from the EEOC stemming from a decision on the charge.
17 This period operates as a statute of limitations.  *Scholar v.*
18 *Pacific Bell,* 963 F.2d 264, 266-267 (9th Cir. 1992).

19 In this case, Lopez filed a civil action within the 90
20 day period, but failed to allege disparate treatment as a claim.
21 Lopez set forth only two claims in his complaint, 1) hostile work
22 environment and 2) retaliation. (As previously indicated, the
23 retaliation claim was dismissed by stipulation).  His EEOC charge,
24 by contrast, alleges only disparate treatment.  (#19, Exhibit B).
25 Any disparate treatment claim is time barred under 42 U.S.C. §
26 2000e-5(f)(1) and any attempt to amend the complaint to allege such
27 a claim would be futile because, as set forth above, Lopez cannot
28 show that he was performing his job according to the Peppermill's

7

legitimate expectations.  Therefore any disparate treatment claim would fail on the merits.

The Defendant's Motion for Summary Judgment (#19) is **GRANTED** and this action is dismissed.

DATED: This 20th day of November, 2008.

_____
                        UNITED STATES DISTRICT JUDGE